Jonathan A. Michaels, Esq. – Bar No. 180455
(jmichaels@mlgaplc.com)
Robert B. Smith, Esq. – Bar No. 250328
(rsmith@mlgaplc.com)
Afnan Shukry, Esq. – Bar No. 330522
(ashukry@mlgaplc.com)
**MLG, APLC**
600 Anton Blvd., Suite 1240
Costa Mesa, CA 92626
T: (949) 581-6900
F: (949) 581-6908

Attorneys for Plaintiff,
Steven Ouzounian

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT ARIZONA

| | |
|---|---|
| KYLE WAYNE EPPICH, an individual,<br><br>            Plaintiff,<br><br>    vs.<br><br>FCA US LLC, a Delaware limited liability company and DOES 1 to 25, inclusive,<br><br>            Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**1. NEGLIGENCE;**<br><br>**2. STRICT LIABLITY – DESIGN DEFECT;**<br><br>**3. STRICT LIABILTY-- MANUFACTURING DEFECT**<br><br>**4. BREACH OF EXPRESS WARRANTY; AND**<br><br>**5. BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY** |

<u>**–PLAINTIFF DEMANDS TRIAL BY JURY–**</u>

## THE PARTIES

1.      At all times mentioned in this Complaint, Plaintiff Kyle Eppich is, and at all relevant times was, an individual residing in Maricopa County in the State of Arizona.

2.      Plaintiff is informed and understand that Defendant FCA US LLC was and is a Delaware limited liability company with its principal place of business in Auburn Hills, Michigan.  At all times mentioned here, Defendant FCA US LLC was engaged in the business of manufacturing and distributing automobiles in the State of Arizona.

3.      Plaintiff is unaware of the true names of Does 1 through 25 and therefore sue them by such fictitious names and will ask for leave of Court to insert their true names when such have been ascertained.

## JURISDICTION AND VENUE

### SUBJECT MATTER JURISDICTION

4.      This court has jurisdiction over the subject matter presented by this Complaint because this a dispute among parties of different states, making the matter completely diverse as defined by 28 U.S.C.  § 1332 (a)(1), and the amount in controversy exceeds $75,000.00.

5.      This Court has personal jurisdiction over Plaintiff Kyle Eppich as the Plaintiff consents to such jurisdiction.

**COMPLAINT**

6.     This Court has personal jurisdiction over Defendant FCA US LLC because it engages in significant business throughout the state of Arizona, thus providing the State of Arizona with general jurisdiction.

## VENUE

7.     Venue in this District is proper under 28 U.S.C. § 1391 (c) because Defendant FCA US LLC, as a Delaware limited liability company, are deemed to reside in any district in which they are subject to personal jurisdiction. Venue in this District is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in the geographic confines of the U.S. District Court for the District of Arizona. Plaintiff consents to the venue of the Court.

## STATEMENT OF OPERATIVE FACTS

8.     Defendant FCA US LLC is a large producer of consumer automobiles, producing millions of vehicles that are distributed throughout the United States and other consumer-oriented countries. One of the vehicles that has been long massed produced by FCA is the 2018, Ram, Pro Master City.

9.     In 2018, Plaintiff Kyle Eppich, purchased a 2018, Ram, Pro Master City (VIN: ZFBERFBB1J6J29492).  At the time, the Plaintiff Kyle Eppich saw and relied upon advertising campaigns from FCA US LLC for the 2018, Ram, Pro Master City, including advertising prepared by and disseminated by its dealer network discussing the vehicle's safety features.  Plaintiff Kyle Eppich's motivation for purchasing the 2018, Ram, Pro Master City was to obtain a safely designed and manufactured vehicle for himself.

10.     On July 24, 2020, Plaintiff Kyle Eppich was involved in an accident while driving the 2018, Ram, Pro Master City in Queen Creek, Arizona at the intersection of Queen Creek Road and Crimson, Road.

11.     As the result of the accident the 2018, Ram, Pro Master City's airbags deployed. Instead of being kept safe in his vehicle the airbags caused serious burns and laceration to his left leg/shin.

12.     Mr. Eppich has undergone multiple surgical procedures, including a large skin graft in an attempt to close the large open wound/burn and laceration caused by the defective airbag. He will suffer permanent pain, scarring and disfigurement as the result of the defective air bag system.

13.     Immediately after the accident Mr. Eppich went to the hospital where he was treated for the severe injuries to his left leg.  Had the 2018, Ram, Pro Master City airbags not been defective Kyle Eppich would not have been injured or his injuries would have been less severe. As a direct result of the accident, Plaintiff suffered permanent damage to his left leg.

14.     Plaintiff did not know, or reasonably could not have known, that the vehicle airbag system was defective and would cause him serious injuries. Had Plaintiff Kyle Eppich known about the 2018, Ram, Pro Master City defective airbag system at the date of purchase, he would have either demanded its immediate repair and replacement or never would never have purchased the vehicle at all, and never would have driven the vehicle.

# FIRST CAUSE OF ACTION

## NEGLIGENCE

### (Against All Defendants)

15.     Plaintiff repeats every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

16.     Defendant FCA US LLC designed, engineered, manufactured, tested, assembled, marketed, advertised and distributed the 2018, Ram, Pro Master City purchased and driven by Plaintiff Kyle Eppich.

17.     Defendant FCA US LLC had a duty to use reasonable care in the engineering, design, manufacture, testing, assembly, marketing, advertising, and distribution of the 2018, Ram, Pro Master City such that the vehicle would function safely in foreseeable circumstances.

18.     Defendant FCA US LLC breached its duty during by manufacturing, distributing and placing into the stream of commerce the 2018, Ram, Pro Master City with a defective airbag system.

19.     As a direct and proximate cause of FCA US LLC's conduct, Plaintiff Kyle Eppich has sustained damages in an amount to be proven at trial, but which are in excess of the minimum jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

### STRICT LIABILITY – DESIGN DEFECT

#### (Against All Parties)

20.     Plaintiff repeats every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

21.     Defendant FCA US LLC designed, engineered, manufactured, tested, assembled, marketed, advertised and distributed the 2018, Ram, Pro Master City purchased and driven by Plaintiff Kyle Eppich.

22.     The 2018, Ram, Pro Master City purchased and driven by Kyle Eppich did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way.

23.     Plaintiff Kyle Eppich was harmed by the 2018, Ram, Pro Master City.

24.     The failure of the 2018, Ram, Pro Master City to perform safely was a substantial factor in causing Kyle Eppich's harm.

25.     As a direct and proximate cause of FCA US LLC's conduct, Plaintiff Kyle Eppich has sustained damages in an amount to be proven at trial, but which are in excess of the minimum jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION

### STRICT LIABILITY – MANUFACTURING DEFECT

### (Against All Parties)

26.     Plaintiff repeats every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

27.     Defendant FCA US LLC designed, engineered, manufactured, tested, assembled, marketed, advertised and distributed the 2018, Ram, Pro Master City purchased and driven by Plaintiff Kyle Eppich.

28.     The 2018, Ram, Pro Master City purchased and driven by Plaintiff Kyle Eppich contained a manufacturing defect when it left FCA US LLC 's possession.

29.     Plaintiff Kyle Eppich was harmed by the 2018, Make, Ram, Pro Master City.

30.     The failure of the 2018, Ram, Pro Master City to perform safely was a substantial factor in causing Plaintiff Kyle Eppich's harm.

31.     As a direct and proximate cause of FCA US LLC's conduct, Plaintiff Kyle Eppich has sustained damages in an amount to be proven at trial, but which are in excess of the minimum jurisdictional limit of this Court.

# **FOURTH CAUSE OF ACTION**

## **BREACH OF EXPRESS WARRANTY**

### **(Against All Parties)**

32.     Plaintiff repeats every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

33.     Defendant FCA US LLC designed, engineered, manufactured, tested, assembled, marketed, advertised and distributed the 2018, Ram, Pro Master City, purchased and driven by Plaintiff Kyle Eppich.

34.     Defendant FCA US LLC gave Plaintiff Kyle Eppich a written warranty that the 2018, Ram, Pro Master City would be free of defect, and that it could be safely used for its foreseeable purpose.

35.     The 2018, Ram, Pro Master City did not perform as promised, and was not as warranted.

36.     Defendant FCA US LLC failed to repair the 2018, Ram, Pro Master City as required by the warranty.

37.     Plaintiff Kyle Eppich was harmed by the 2018, Ram, Pro Master City.

38.     The failure of the 2018, Ram, Pro Master City to perform safely was a substantial factor in causing to be as represented was a substantial factor in causing Plaintiff Kyle Eppich's harm.

39.     As a direct and proximate cause of FCA US LLC's conduct, Plaintiff Kyle Eppich has sustained damages in an amount to be proven at trial, but which are in excess of the minimum jurisdictional limit of this Court.

## FIFTH CAUSE OF ACTION

### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

### (Against All Parties)

40.     Plaintiff repeats every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

41.     Defendant FCA US LLC designed, engineered, manufactured, tested, assembled, marketed, advertised and distributed the 2018, Ram, Pro Master City purchased and driven by Plaintiff Kyle Eppich.

42.     At the time of purchase, Defendant FCA US LLC was in the business of selling consumer vehicles and held itself out as having special knowledge and skill regarding these goods.

43.     The 2018, Ram, Pro Master City was not of the same quality as those generally acceptable in the trade, nor was not fit for the ordinary purposes for which such goods are used.

44.     Plaintiff Kyle Eppich was harmed by the 2018, Ram, Pro Master City.

45.     The failure of the 2018, Ram, Pro Master City to have the expected quality was a substantial factor in causing Plaintiff Kyle Eppich's harm.

46.     As a direct and proximate cause of FCA US LLC's conduct, Plaintiff Kyle Eppich has sustained damages in an amount to be proven at trial, but which are in excess of the minimum jurisdictional limit of this Court.

**WHEREFORE,** Plaintiff pray that the Court award them:

First Cause of Action

     1.     Compensatory damages.

Second Cause of Action

     1.     Compensatory damages.

Third Cause of Action

     1.     Compensatory damages.

Fourth Cause of Action

     1.     Compensatory damages.

Fifth Cause of Action

     1.     Compensatory damages.

///

**COMPLAINT**

All Causes of Action

    1.      Costs of suit herein incurred;

    2.      Interest as provided by law.

    3.      For such other and further relief as the Court may deem just and proper.

                                         **MLG, APLC**

Dated: October 27, 2020.        By:   _____

                                  Jonathan A. Michaels, Esq.
                                  Robert B. Smith, Esq.
                                  Attorneys for Plaintiff,
                                  Kyle Eppich

**COMPLAINT**